IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

FILED
FEB 28 2002
SAMUEL L. KAY, CLERK
U.S. District & Bankruptcy Courts
Southern District of West Virginia

CSX TRANSPORTATION, INC., )
)
    Plaintiff, )
)
    v. ) Case No. 2:02-0176
)
BOARD OF PUBLIC WORKS OF THE )
STATE OF WEST VIRGINIA; )
BOB WISE, GOVERNOR; )
JOE MANCHIN, III, SECRETARY OF )
STATE; JOHN D. PERDUE, STATE )
TREASURER; GLEN B. GAINER, III, )
STATE AUDITOR; DARRELL V. MCGRAW, )
JR., ATTORNEY GENERAL; )
GUS R. DOUGLASS, COMMISSIONER )
OF AGRICULTURE; and DAVID STEWART, )
STATE SUPERINTENDENT OF SCHOOLS, )
)
    Defendants. )

## COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF

1.    This is a civil action seeking to restrain and enjoin the defendants, their agents, and anyone in active concert or participation with them, from assessing, levying, or collecting ad valorem property taxes from the plaintiff for the 2001 tax year to the extent those taxes are discriminatory and unlawful under Section 306 of the Railroad Revitalization and Regulatory Reform Act of 1976, Pub. L. No. 94-210, 90 Stat. 54 (Feb. 5, 1976), now codified at 49 U.S.C. §11501 and referred to herein as "Section 306." The plaintiff also seeks a declaration pursuant to

28 U.S.C. §2201 that the defendants' assessment of the plaintiff's property for the 2001 tax year violates 49 U.S.C. §11501.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court is based upon the following grounds:

a. Section 306(2), which confers jurisdiction upon district courts of the United States to prevent a state, subdivision of a state, or any governmental entity or person acting for a state or subdivision, from imposing discriminatory taxes on common carriers by rail;

b. 28 U.S.C. §1331 [as more fully appears herein, this action arises under the U. S. Constitution, Art 1, §8, Cl. 3 (Commerce Clause), and Amend. XIV, and presents a federal question].

3. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b) because this is the judicial district where the conduct complained of arose and it is also the judicial district where the defendants reside.

## PARTIES

4. Plaintiff CSX Transportation, Inc. ("CSXT") is a Virginia corporation with its principal office in Jacksonville, Florida.

5. CSXT is an interstate common carrier by railroad subject to regulation by the Surface Transportation Board.

6. Defendant The Board of Public Works of the State of West Virginia is a board of the State of West Virginia which is created by statute (W.Va. Code §5-4-1) and which is composed of the following officials of the State of West Virginia: Governor; Secretary of State; Auditor; Superintendent of Schools; Treasurer; Attorney General; and Commissioner of Agriculture (referred to collectively herein as "the Board").

7. The Board is responsible for the assessment and certification of railroad operating property for purposes of ad valorem taxation in West Virginia.

8. Defendant Bob Wise is the Governor of the State of West Virginia. As a member of the Board of Public Works, he is responsible for the assessment and certification of railroad operating property for purposes of ad valorem taxation in West Virginia.

9. Defendant Joe Manchin, III is the Secretary of State of the State of West Virginia. As a member of the Board of Public Works, he is responsible for the assessment and certification of railroad operating property for purposes of ad valorem taxation in West Virginia.

10. Defendant John D. Perdue is the Treasurer of the State of West Virginia. As a member of the Board of Public Works, he is responsible for the assessment and certification of railroad operating property for purposes of ad valorem taxation in West Virginia.

11. Defendant Glen B. Gainer, III, is the Auditor of the State of West Virginia. As a member of the Board of Public Works, he is responsible for the assessment and certification of railroad operating property for purposes of ad valorem taxation in West Virginia. In addition, as State Auditor he is responsible for collecting and distributing ad valorem tax payments by railroads in West Virginia, including CSXT.

12. Defendant Darrell V. McGraw, Jr. is the Attorney General of the State of West Virginia. As a member of the Board of Public Works, he is responsible for the assessment and certification of railroad operating property for purposes of ad valorem taxation in West Virginia.

13. Defendant Gus R. Douglass is the Commissioner of Agriculture of the State of West Virginia. As a member of the Board of Public Works, he is responsible for the assessment and certification of railroad operating property for purposes of ad valorem taxation in West Virginia.

14. Defendant David Stewart is the State Superintendent of Schools of the State of West Virginia. As a member of the Board of Public Works, he is responsible for the assessment and certification of railroad operating property for purposes of ad valorem taxation in West Virginia.

## AD VALOREM TAXATION IN WEST VIRGINIA

15. According to W.Va. Code §11-3-1, all property subject to taxation shall be assessed annually as of July 1 of each year at its true and actual value. "True and actual value," according to W.Va. Code §11-1A-3(i), means the price at or for which a particular parcel or species of property would sell if it were sold to a willing buyer by a willing seller in an arm's length transaction without either the buyer or the seller being under any compulsion to buy or sell.

16. According to Article X, section 1b, subsection A, Constitution of West Virginia, all property subject to ad valorem taxation shall be assessed at 60% of its value.

17. According to Article X, section 1, Constitution of West Virginia, no one species of property for which a tax may be collected shall be taxed higher (with certain specified exceptions not applicable here) than any other species of property of equal value.

18. Public service company property subject to ad valorem taxation in West Virginia is appraised and assessed for ad valorem tax purposes by the Board. Pursuant to W.Va. Code §11-6-1, railroad companies are included within the category of public services businesses.

19. According to W.Va. Code §11-6-2, railroads are required to return their property to the Board, which is required to assess and fix the true and actual value of all property of such railroads pursuant to West Virginia Code §11-6-11. Such an assessment becomes final unless it is appealed from within 15 days after the Notice of Assessment is deposited in the United States mail addressed to the owner or operator of the railroad.

20. When an assessment of railroad property becomes final, the State Auditor is required to apportion the value of the property to each county in which any part of the property is situated, and further to apportion such values among districts and municipalities in which such property is situated, and to certify to the county commission of each such county the values apportioned. The clerk of the county commission then must certify those values to the school districts and municipalities in such counties. W.Va. Code §11-6-13.

21. After certification, one-half of the taxes levied pursuant to the certified assessments becomes due and payable on or before September 1, with the second half due on or before March 1 of the following year, pursuant to W.Va. Code §11-6-18.

22. Non-public service company property subject to ad valorem taxation in West Virginia is appraised and assessed for ad valorem tax purposes by county tax assessors of the county in which such property is located.

### ASSESSMENT OF THE PLAINTIFF'S PROPERTY FOR THE 2001 TAX YEAR

23. In making its assessment of CSXT's property for the 2001 tax year, the Board first estimated the full market value of that allocated to West Virginia. According to the Board, the full market value of CSXT's property allocated to West Virginia is $468,600,000.

24. The Board then calculated an "assessed value" for CSXT's property, using an assessment ratio of 60%. The Board therefore calculated the assessed value of CSXT's property in West Virginia to be $281,160,000.

25. The Board sent a notice of assessment to CSXT dated November 30, 2000, in this amount.

26. The 2001 assessment issued by the Board to CSXT was based on a return filed by CSXT by May of 2000 based on financial data for the calendar year ending December 31, 1999, *see* W.Va. Code §11-6-1(a) and (e), and is based on a value that is no less than the full market value of CSXT's transportation property.

27. This assessment, according to W.Va. Code §11-6-11, became final in February 2001. When it became final, the State Auditor certified that assessment to the counties.

28. The payment of one-half of the taxes billed to CSXT pursuant to this assessment was paid by September 1, 2001. Payment of the second half is due by March 1, 2002, and becomes delinquent by April 1, 2002. CSXT will withhold the discriminatory amount of its

taxes from this payment, and unless restrained by this Court, the defendants will attempt to collect the discriminatory portion in violation of Section 306.

## SECTION 306

29. Section 306 declares that discriminatory taxation of rail transportation property by states, political subdivisions of a state, or governmental entities or persons acting on behalf of such states or subdivisions, constitutes an unreasonable and unjust discrimination against, and an undue burden upon, interstate commerce. Section 306 states in part:

> [A]ny action described in this subsection is declared to constitute an unreasonable and unjust discrimination against, and an undue burden on, interstate commerce. It is unlawful for a State, a political subdivision of a State, or a governmental entity or person acting on behalf of such State or subdivision to commit any of the following prohibited acts:
>
> (a) The assessment (but only to the extent of any portion based on excessive values as hereinafter described), for purposes of a property tax levied by any taxing district, of transportation property at a value which bears a higher ratio to the true market value of such transportation property than the ratio which the assessed value of all other commercial and industrial property in the same assessment jurisdiction bears to the true market value of all such commercial and industrial property.
>
> (b) The levy or collection of any tax on an assessment which is unlawful under subdivision (a).
>
> (c) The levy or collection of any ad valorem property tax on transportation property at a tax rate higher than the tax rate generally applicable to commercial and industrial property in the same assessment jurisdiction.

30. Section 306 defines "transportation property" to mean "transportation property, as defined in regulations of the Commission [now the Surface Transportation Board], which is

owned or used by a common carrier by railroad subject to this chapter or which is owned by the National Railroad Passenger Corporation." All operating property of CSXT that is subject to assessment by the Board is "transportation property."

31. Section 306 defines "commercial and industrial property" to mean "all property, real or personal, other than transportation property and land used primarily for agricultural purposes or primarily for the purpose of growing timber, which is devoted to a commercial or industrial use and which is subject to a property tax levy."

32. Section 306 defines "assessment" as "valuation for purposes of a property tax levied by any taxing district."

## PLAINTIFF'S SECTION 306 CLAIM

33. CSXT realleges the allegations made in paragraphs 1 though 32 above, and further alleges as follows.

34. The defendants have assessed, or will assess, CSXT's transportation property for purposes of ad valorem taxation for the 2001 tax year at a ratio of assessed value to true market value (expressed as a percentage of true market value) of no less than 60%.

35. The property of other commercial and industrial taxpayers in West Virginia is assessed for the 2001 tax year at a ratio of assessed value to true market value (expressed as a percentage of true market value) far lower than 60%.

36. The ratio of assessed value to true market value of CSXT's transportation property in the State of West Virginia for the 2001 tax year exceeds by at least five percent the

ratio of assessed value to true market value of other commercial and industrial property in West Virginia for the 2001 tax year.

37. The assessment of CSXT's rail transportation property at a ratio of assessed value to true market value more than five percent greater than the ratio of assessed value to true market value for other commercial and industrial property in the State of West Virginia for the 2001 tax year, and the levy and collection of ad valorem taxes based on that assessment, violate Section 306.

38. Unless payment of the disputed amount of taxes is restrained and enjoined by this Court, CSXT will be forced to pay further taxes based on this excessive assessment. Further, CSXT will be subjected to excessive and illegal ad valorem taxation which will inflict great and immediate economic injury upon CSXT for which the State of West Virginia cannot be compelled to respond in damages.

WHEREFORE, CSXT prays that this Court: (a) issue preliminary and permanent injunctions prohibiting the defendants, their agents, and anyone in active concert or participation with them, from assessing its transportation property for the 2001 tax year at a ratio of assessed value to true market value more than five percent greater than the ratio of assessed value to true market value at which commercial and industrial property was assessed in West Virginia for the 2001 tax year, and from levying or collecting taxes based upon such an illegal assessment; and (b) enter a judgment pursuant to 28 U.S.C. §2201 declaring that the assessment of CSXT's transportation property by the defendants at a ratio of assessed value to true market value more than five percent greater than the ratio of assessed value to true market value at which

commercial and industrial property was assessed in West Virginia for the 2001 tax year, violates Section 306 and places an impermissible burden on interstate commerce; and (c) grant such other legal or equitable relief to which CSXT may be entitled.

Respectfully submitted,
James W. McBride
Anne M. Stolee
BAKER, DONELSON, BEARMAN
 & CALDWELL
555 11th Street, N.W.
Sixth Floor
Washington, D.C. 20004
(202) 508-3400

John R. Fowler
Margaret M. Singleton
HUDDLESTON, BOLEN, BEATTY,
 PORTER & COPEN
One Bridge Place
10 Hale Street
Charleston, West Virginia 25337
(304) 344-9869

_____
Attorney for Plaintiff

W AMS 129670 v1
783740-018 02/14/2002